JESSE DESHASER *v.* COMMERCIAL BANK OF KENTUCKY, ETC.

**Pleadings—Amendment After Judgment.**

It was too late for the appellant after judgment had been rendered to offer an amendment. After judgment an amendment is sometimes permitted to be made in order to sustain it, but an amendment would not be allowed for the purpose of invalidating the judgment.

APPEAL FROM MERCER CIRCUIT COURT.

November 7, 1872.

OPINION BY JUDGE PRYOR:

Although the judgment is void in the present case as against Wm. Deshaser for the reason that there was no warning order against him and no service of process whatever, still he is not complaining in this court.

The judgment, however, must be reversed so far as it affects the appellant Jesse Deshaser. The cause was never submitted to the court for final judgment, and leave should have been given the appellant to amend his answer or stand by his demurrer.

The only question submitted to the court was as to the sufficiency of the defense relied on by the appellant, and the court after sustaining the demurrer should have afforded him an opportunity to amend his pleading. It was too late for the appellant after judgment had been rendered to offer an amendment. After judgment, an amendment is sometimes permitted to be pleaded in order to sustain it, but an amendment would not be allowed for the purpose of invalidating the judgment.

If, therefore, no amendment would have been permitted after judgment, the court should have given the leave to amend before judgment.

The appellant could not have asked leave to amend for the reason that the judgment sustaining the demurrer also determined the right of the parties upon the merits.

The court below should have, upon the petition offered to be filed by the appellant, considered all the cases pending in that court seeking to subject the land claimed by Wm. Deshaser, or his fathers, to the payment of their several debts.

Upon the return of the cause, the appellant should be allowed to amend his answer.

The judgment of the court below is reversed as to the appellant and cause remanded for further proceedings consistent with this opinion.

*J. B. Thompson, for appellant.*